OPINION
{¶ 1} Defendant-appellant Tirez Lavern Jamison appeals from his conviction and sentence for Possession of Marijuana and Possession of Crack Cocaine, following a guilty plea. Jamison contends that his defense counsel was ineffective by coercing him to plead guilty, by not requesting severance from the other co-defendants, by not appealing his probation revocation, and by not filing a notice of appeal.
 {¶ 2} We conclude that Jamison has failed to demonstrate that his defense counsel was deficient or that he suffered any prejudice. We conclude that defense counsel was not ineffective.
 {¶ 3} Jamison contends that in violation of R.C. 2929.13(A), the trial court failed to expressly state on the record that he considered imposing a fine or community service as the sole sanction.
 {¶ 4} We conclude that the trial court did not err because it considered whether Jamison was eligible to be sentenced to community control sanctions and concluded that he was not eligible. Therefore, the trial court did not need to consider whether a fine or community service was appropriate as a sole sanction in accordance with R.C. 2929.13(A).
 {¶ 5} Jamison contends that his convictions were based on insufficient evidence and against the manifest weight of the evidence.
 {¶ 6} We conclude that Jamison has waived a sufficiency of the evidence and manifest weight argument because he pled guilty to his offenses.
 {¶ 7} Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 8} On September 1, 2004, Tirez Lavern Jamison was indicted for Trafficking in Marijuana in Case No. 2004-CR-3057. On October 28, 2004, Jamison was re-indicted for Trafficking in Marijuana and was additionally indicted for Possession of Marijuana. The September 1, 2004 indictment was then nolled. Jamison pled guilty to the Possession of Marijuana charge on November 15, 2004, and the Trafficking in Marijuana charge was dropped. The trial court sentenced Jamison to five years of community control sanctions and noted that a violation of any condition of the sanction or of any law could result in imposition of a longer or more restrictive sanction or a prison term of five years. Jamison subsequently failed to appear at a hearing, in violation of his community control sanctions. After a revocation hearing, the trial court sentenced him to a three year prison term on June 23, 2005.
 {¶ 9} On March 28, 2005, Jamison was indicted for Possession of Crack Cocaine in Case No. 2005-CR-1132. Jamison filed a motion to suppress. On June 28, 2005, Jamison pled guilty to Possession of Crack Cocaine. On June 30, 2005, the trial court sentenced Jamison to a mandatory three year prison term to be served concurrently with the three year sentence imposed in Case No. 2004-CR-3057.
 {¶ 10} From his conviction and sentence for Possession of Marijuana and Possession of Crack Cocaine, Jamison appeals.
 II {¶ 11} Jamison's First Assignment of Error is as follows:
 {¶ 12} "THE TRIAL COUNSEL FOR DEFENDANT WAS INEFFECTIVE IN ASSISTING DEFENDANT BY COERCING DEFENDANT INTO PLEADING GUILTY, BY NOT REQUESTING SEVERANCE FROM OTHER CO-DEFENDANTS, BY NOT CHALLENGING DEFENDANT'S PROBATION REVOCATION, AND BY NOT FILING A NOTICE OF APPEAL FOR DEFENDANT'S BENEFIT WHEN HE REQUESTED SAID FILING."
 {¶ 13} Jamison contends that his defense counsel was ineffective because he told him "to plead guilty or else the judge would pile time on his sentence if he proceeded to trial or even with his suppression motion."
 {¶ 14} We evaluate claims of ineffective assistance of counsel under the two-part test provided in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different." State v. Stevens, Montgomery App. No. 19572,2003-Ohio-6249, at ¶ 33, citing Strickland, supra; State v.Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373.
 {¶ 15} The record is devoid of any evidence showing that defense counsel told Jamison to plead guilty or the trial judge would increase time on his sentence if he proceeded to trial or proceeded with his motion to suppress. When the trial judge asked Jamison at his plea hearing if anyone had threatened or forced him to make the plea, Jamison responded "no." We conclude that Jamison has failed to show that defense counsel's representation was deficient.
 {¶ 16} Jamison next contends that defense counsel was ineffective because he ignored his requests to appeal his probation revocation.
 {¶ 17} The record is devoid of any evidence showing that Jamison requested his defense counsel to appeal his probation revocation. In addition, this case is before us based upon Jamison's appeal of his conviction and sentence for Possession of Marijuana and Possession of Cocaine, which includes the trial court's decision to revoke his probation and institute a three year sentence of imprisonment for violating his community control sanctions. We conclude that Jamison has failed to demonstrate any prejudice.
 {¶ 18} Jamison also contends that defense counsel was ineffective because he ignored his requests to file a motion for severance of co-defendants forcing him to plead guilty.
 {¶ 19} Based upon the record, there is no evidence that Jamison requested his defense counsel to file a motion for severance. In addition, Jamison has failed to show how defense counsel's failure to do so would have forced him to plead guilty. We conclude that Jamison has failed to show any prejudice.
 {¶ 20} Jamison further contends that defense counsel was ineffective because he did not file a notice of appeal in this case, as requested by Jamison.
 {¶ 21} The record in this case does not reveal that Jamison requested defense counsel to file a notice of appeal. Because Jamison did file a timely notice of appeal in this case, he has failed to show any prejudice.
 {¶ 22} We conclude that Jamison was not deprived of effective assistance of counsel.
 {¶ 23} Jamison's First Assignment of Error is overruled.
 III {¶ 24} Jamison's Second Assignment of Error is as follow:
 {¶ 25} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO PRISON WITHOUT FIRST CONSIDERING IMPOSITION OF EITHER A FINE OR A COMMUNITY CONTROL SANCTION AS THE SOLE SANCTION IN ACCORDANCE WITH O.R.C. § 2929.13(A)."
 {¶ 26} Jamison contends that in violation of R.C. 2929.13(A), the trial court failed to expressly state on the record that he considered imposing a fine or community service as the sole sanction.
 {¶ 27} R.C. 2929.13(A) provides, in pertinent part, that "[i]f the offender is eligible to be sentenced to community control sanctions, the court shall consider the appropriateness of imposing a financial sanction * * * or a sanction of community service * * * as the sole sanction for the offense."
 {¶ 28} The record of the sentencing hearing shows that the trial court did consider whether Jamison was eligible to be sentenced to community control sanctions. The trial court concluded that Jamison was not eligible for community control sanctions. Therefore, the trial court did not need to consider whether a fine or community service was appropriate as a sole sanction, in accordance with R.C. 2929.13(A).
 {¶ 29} Jamison's Second Assignment of Error is overruled.
 IV {¶ 30} Jamison's Third and Fourth Assignments of Error are as follows:
 {¶ 31} "THE TRIAL COURT ERRED IN CONVICTING AND SENTENCING DEFENDANT FOR FORGERY AND RECEIVING STOLEN PROPERTY BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 {¶ 32} "DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 33} Jamison contends that his convictions were based on insufficient evidence and against the manifest weight of the evidence. Jamison contends that he was merely visiting a friend at the house where the drugs were found, and therefore, did not knowingly possess a controlled substance in accordance with R.C.2925.11.
 {¶ 34} "A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492:
 {¶ 35} "`An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'
 {¶ 36} "In reviewing a judgment to determine whether it is against the manifest weight of the evidence, an appellate court sits as a `thirteenth juror,' reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541." State v.Reed, Champaign App. No. 2002-CA-30, 2003-Ohio-5413, at ¶¶12-14.
 {¶ 37} We first note that there is no record that Jamison was convicted of Forgery or Receiving Stolen Property, as stated in Jamison's Third Assignment of Error. Nevertheless, Jamison has waived a sufficiency of the evidence and manifest weight argument because he pled guilty to his offenses.
 {¶ 38} A guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence. See State v.Williams, Lucas App. No. L-02-1221, 2004-Ohio-4856, at ¶ 12, citation omitted. Crim.R. 11(B)(1) provides that "a plea of guilty is a complete admission of the defendant's guilt." By entering a plea of guilty, Jamison surrendered his right to have the State prove his guilt of Possession of Marijuana and Possession of Crack Cocaine beyond a reasonable doubt. See Statev. Buelow, Montgomery App. No. 12739, 1992 WL 5854, at *1. "Therefore, a guilty plea waives any dispute about the adequacy of the evidence." Williams, supra, at ¶ 12, citation omitted. In addition, Jamison has provided no evidence that the trial court failed to follow the requirements of Crim.R. 11 at the time the defendant entered his plea of guilty in exchange for concessions by the State of Ohio.
 {¶ 39} Jamison's Third and Fourth Assignments of Error are overruled.
 V {¶ 40} All of Jamison's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
Grady, P.J., and Donovan, J. concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).