[Cite as *State v. Davis*, 2017-Ohio-6904.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-154 |
| | : | |
| KRISTAPHER B. DAVIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 21st day of July, 2017.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

BRIAN BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Kristapher Davis appeals from his conviction and sentence for burglary and failure to comply with an order or signal of a police officer. He contends that the State failed to present evidence sufficient to sustain the conviction for burglary. He further contends that counsel was ineffective for permitting him to enter a guilty plea to the burglary charge. Finally, he contends that the trial court erred in sentencing him to the maximum term of imprisonment on both offenses.

{¶ 2} We conclude that the sentence is not contrary to law and is supported by the record. We further conclude that Davis' guilty plea to the burglary count eliminates any argument concerning the sufficiency of the evidence. Finally, we conclude that Davis failed to demonstrate that counsel was ineffective. Accordingly, the judgment of the trial court is affirmed.

### I. Procedural Background

{¶ 3} This case arises from a burglary committed on May 4, 2016. On that day, Mechanicsburg Police Department Officer Nickolous Black responded to a dispatch of a suspicious person.[1] Black patrolled the area looking for the person described by one witness. He informed dispatch that he was unable to locate the suspect, and began to leave the area. He was then informed that the suspect's car was in the driveway of Ken Davis.[2] Black pulled off the road to write down the information, at which time Ken Davis

---

[1] The facts recited herein are gleaned from the transcript of Black's report as recited in the pre-sentence investigation report.

[2] The victim, Ken Davis, is not related to the defendant.

met Black to inform him of the situation. The two then observed a black Chevrolet Malibu speed past. Ken Davis informed Black that the vehicle belonged to the suspect.

{¶ 4} Black attempted to initiate a traffic stop, however, Davis did not comply. A high speed chase ensued during which Davis reached speeds in excess of 90 miles per hour. During the chase, Davis ran a stop sign, swerved back and forth, braked abruptly to avoid running into the back of a vehicle, and made a left turn in front of oncoming traffic. Davis turned into a business lot and continued to drive to the back of the business until the lot ended at a crop field. Davis exited the vehicle and began to run away on foot. Other officers arrived on the scene, including members of the Champaign County Sheriff's Department. Black eventually found Davis and gave him a command to get down on the ground. Davis began to argue with Black and was walking around in circles. Black repeated his command several times. Davis did not comply until another officer arrived. Investigation revealed that Davis had stolen a gun, ammunition, and money from Ken Davis' garage.

{¶ 5} On May 5, 2016, Davis was indicted on two counts of burglary, one count of safecracking, one count of grand theft (firearm), one count of petty theft, one count of failure to comply with an order or signal of a police officer, one count of carrying a concealed weapon, and one count of improper handling of a firearm in a motor vehicle. The burglary counts, grand theft, and failure to comply counts included firearm specifications. Following plea negotiations, Davis entered a plea of guilty to one count of burglary in violation of R.C. 2911.12(A)(3)(D) and one count of failure to comply in violation in violation of R.C. 2921.331(B)(C)(5)(a)(ii). The remaining counts, as well as all the firearm specifications, were dismissed with prejudice. The trial court imposed two

maximum sentences of 36 months in prison and ordered Davis to serve them consecutively.[3]   Davis appeals.

## II. Maximum Sentences Were Not Improper.

**{¶ 6}** Davis' first assignment of error states as follows:

THE TRIAL COURT ERRED IN SENTENCING KRISTAPHER BRANDON DAVIS

TO MAXIMUM SENTENCES AS THE RECORD CLEARLY AND CONVINCINGLY

DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS.

**{¶ 7}** Davis contends that the trial court erred by sentencing him to a prison term greater than the minimum sentence provided by statute.[4]   He argues that the record does not support a finding that he committed the worst form of the offenses.

**{¶ 8}** In reviewing a felony sentence, we must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard.   *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 9-10.   Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either that (1) the record does not support the sentencing court's findings under certain enumerated statutory sections (not relevant to this case), or (2) the sentence is otherwise

---

[3] Davis' guilty plea implicated R.C. 2921.331(D), which states:   "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

[4] The range of imprisonment sentences permitted for felonies of the third degree is from nine months to three years. R.C. 2929.14(A)(3)(b).   By imposing a 36- month sentence, the trial court imposed the maximum term.

contrary to law. *Id.* "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 9} A trial court is "not required to make any particular 'findings' to justify maximum prison sentences." *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14, citing *State v. Whitt*, 2d Dist. Clark No. 2014–CA–125, 2016–Ohio–843, ¶ 8. In *Marcum*, the Ohio Supreme Court explained

> [S]ome sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum* at ¶ 23.

{¶ 10} R.C. 2929.11 provides that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government

resources."

{¶ 11} R.C. 2929.12(B) sets forth nine factors to consider when determining whether an offender's conduct is more serious, while section (C) sets forth four factors to consider in determining whether the conduct is less serious. R.C. 2929.12(D) and (E) both list five factors to consider in making a determination that an offender is more, or less, likely to reoffend.

{¶ 12} In reviewing the seriousness factors of R.C. 2929.12(B) and (C), the trial court found that the offenses were more serious because Davis was driving under a suspended license and "under the influence of heavy drugs" when he committed the offenses. Dkt. No. 21. The trial court further found that Davis stole a firearm and ammunition while under the influence. The trial court found that Davis placed "multiple innocent users of the highway at risk during his unauthorized use of the highway while under the influence of drugs." Dkt. No. 21.

{¶ 13} The trial court further found that the victim suffered serious psychological harm. Though this determination is debatable, this concern, given the entire record, is not sufficient to alter our conclusion.

{¶ 14} Finally, the trial court noted that Davis' lengthy drug addiction could be considered a mitigating factor regarding the seriousness of the crime.

{¶ 15} With regard to the likelihood of committing future crimes, the sentencing hearing transcript reflects that the trial court found the existence of several factors making recidivism more likely under R.C. 2929.12(D). The record demonstrates that Davis had been adjudicated a delinquent in 2006 and in 2009. Further, his adult criminal record includes under age consumption in 2009, possession of drug abuse instruments in 2013,

possession of drugs on August 19, 2015, theft on August 21, 2015, disorderly conduct on October 21, 2015, and no operator's license in July 2016. The trial court also found that Davis has not been rehabilitated to a satisfactory degree, and has not responded favorably to prior sanctions. Davis' adult record shows five separate probation violations.

{¶ 16} The trial court found that Davis has demonstrated a pattern of drug and alcohol abuse that is related to the instant offense, and that he has refused treatment. The record demonstrates that Davis did not pursue mental health or substance abuse treatment when it was ordered on multiple occasions by the municipal court in regard to prior offenses. Further, Davis committed the instant offense while under the influence of drugs. The pre-sentence investigation indicates that Davis uses drugs, including cocaine, crack cocaine, marijuana, methamphetamine, heroin and opiates on a regular basis. The record also shows that Davis used cocaine while incarcerated, and awaiting trial, on these offenses.

{¶ 17} Finally, the trial court found no relevant factors under R.C. 2929.12(E) indicating that Davis is not likely to commit future crimes

{¶ 18} The record shows that the trial court properly reviewed the PSI, the victim's oral statement, Davis's statement, as well as the statements of counsel. The record further shows that the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12. Based upon our review of the record, we conclude that the sentence is not contrary to law and that the record supports the trial court's findings and its decision to impose maximum sentences on both convictions.

{¶ 19} The first assignment of error is overruled.

### III. Guilty Plea Is Complete Admission of Guilt

{¶ 20} The second assignment of error asserted by Davis states:

THE TRIAL COURT ERRED BY ENTERING A CONVICTION FOR BURGLARY

WITHOUT THE ELEMENTS FOR BURGLARY BEING ESTABLISHED.

{¶ 21} Davis contends that the record does not support a conviction for burglary because there is no evidence that the garage was an occupied structure. Thus, he argues that the conviction for burglary must be reversed because the State failed to prove an essential element of the crime.

{¶ 22} Davis was convicted of burglary in violation of R.C. 2911.12(A)(3) which provides that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

{¶ 23} We begin by noting that Davis entered a plea of guilty to this charge. Such a plea is a complete admission of guilt. Crim.R. 11(B)(1). We further note that the trial court conducted a complete and proper Crim.R. 11(C) colloquy when accepting Davis' plea. "A guilty plea waives a defendant's right to challenge sufficiency or manifest weight of the evidence." *State v. Jamison*, 2d Dist. Montgomery No. 21165, 2006-Ohio-4933, ¶ 38. By entering a guilty plea, a defendant cedes his right to have the State prove his guilt beyond a reasonable doubt. *Id.* "Therefore, a guilty plea waives any dispute about the adequacy of the evidence." *Id.*

{¶ 24} Davis argues that statements by the prosecutor at the sentencing hearing

indicate that the garage was an unoccupied structure. Specifically, he notes that the prosecutor stated that on the day of the offense, the victim opened his front door and observed Davis near the garage. The victim then told Davis to leave his property. Davis argues that this demonstrates that the victim did not occupy the garage.

**{¶ 25}** Even if this argument were not waived, we conclude it lacks merit. First, such statements made by the prosecutor at a sentencing hearing do no constitute evidence. Second, the sentencing hearing transcript shows there are also statements made by the prosecutor indicating the garage structure contained an apartment, and that the victim was living in that apartment. It is unclear from the prosecutor's statement whether he was referring to the front door as the door to the garage apartment or as the door of the home. In any event, Davis does not, and did not, dispute the claim that the garage included an apartment. Thus, even if the victim was not living therein, the garage could reasonably be found to constitute an occupied structure under R.C. 2909.01(C)(3).

**{¶ 26}** The second assignment of error is overruled.

### IV. Counsel Not Ineffective

**{¶ 27}** Davis asserts the following for his third assignment of error:

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

**{¶ 28}** Davis contends that because there is insufficient evidence to support a burglary charge his trial court counsel was ineffective for permitting him to enter a guilty plea to that charge.

**{¶ 29}** "Ineffective assistance of counsel allegations are reviewed de novo to determine if the counsel's deficient performance prejudiced the outcome. To reverse a

decision based on ineffective assistance, the record must support a finding that defense counsel's performance was deficient, and that a reasonable probability exists that, but for counsel's omissions, the resulting outcome would have been different." *State v. Bowshier*, 2016-Ohio-8184, 75 N.E.3d 932, ¶ 13 (2d Dist.), quoting *State v. Williams*, 2d Dist. Montgomery No. 26369, 2016-Ohio-322, ¶ 20.

**{¶ 30}** Our resolution of the second assignment of error renders this argument moot. Further, the record fails to demonstrate that counsel's deficient performance, if any, caused Davis to enter a guilty plea to the burglary charge.

**{¶ 31}** The third assignment of error is overruled.

## V. Conclusion

**{¶ 32}** All of Davis' assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Jane A. Napier
Brian Brennaman
Hon. Nick A. Selvaggio