[Cite as *State v. Cunningham*, 2017-Ohio-8333.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-223 |
| | : | |
| BACARIE L. CUNNINGHAM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of October, 2017.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

JENNIFER D. BRUMBY, Atty. Reg. No. 0076440, 4407 Walnut Street, Suite 210, Dayton, Ohio 45440
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant, Bacarie Cunningham, appeals from the sentences imposed by the trial court following his entry of pleas of guilty to charges of burglary, attempted burglary and receiving stolen property. Specifically, Cunningham argues that the court erred by failing to comply fully with the provisions of R.C. 2929.12(C) before it imposed consecutive prison sentences amounting to an aggregate term of seven years and four months. We find that the court did not fail to comply with R.C. 2929.12(C), and we therefore affirm.

### I. Facts and Procedural History

**{¶ 2}** On October 16, 2016, a Champaign County grand jury issued an indictment charging Cunningham with two counts of burglary, second degree felonies under R.C. 2911.12(A)(2) and (D); two counts of petty theft, first degree misdemeanors under R.C. 2913.02(A)(1) and (B)(2); and one count of receiving stolen property, a fifth degree felony under R.C. 2913.51(A) and (C). The indictment indicates that these charges relate to at least three separate incidents.[1]

**{¶ 3}** Cunningham and the State reached a plea agreement, and at his final pretrial conference on November 7, 2016, Cunningham pleaded guilty to one of the counts of burglary, one count of attempted burglary and the single count of receiving stolen property.[2] The court then scheduled a sentencing hearing and ordered a presentence

---

[1] Counts One and Two of the indictment charge Cunningham with committing an act of burglary and an act of petty theft "on or about August 25, 2016 to August 26, 2016." Counts Three and Four charge Cunningham with committing another act of burglary and another act of petty theft "on or about September 24, 2016," and Count Five charges him with receiving stolen property "on or about August 24, 2016."

[2] As part of the plea agreement, the State amended Count Three of the indictment to

investigation report.   At the sentencing hearing on November 28, 2016, the trial court sentenced Cunningham to serve consecutive terms of imprisonment of five years for the count of burglary, 18 months for the count of attempted burglary and 10 months for the count of receiving stolen property -- a total of seven years and four months.   Cunningham timely filed his notice of appeal on December 12, 2016.

## II. Analysis

{¶ 4} For his sole assignment of error, Cunningham argues that:

THE SENTENCING COURT FAILED TO PROPERLY CONSIDER

THE ENTIRETY OF THE FACTORS ENUMERATED IN R.C. § 2929.12(C)

WHEN IMPOSING SENTENCE UPON [HIM].

{¶ 5} Cunningham faults the sentence imposed by the trial court in three respects. First, he contends that the court should have imposed a lesser sentence because he "did not cause or expect to cause physical harm to any person or property."   R.C. 2929.12(C)(3); *see* Appellant's Br. 2.   Second, he contends that the court disregarded "substantial grounds to mitigate [his] conduct," noting that he has struggled with "chemical dependency from a young age" and "was under the influence of drugs during the commission of the crimes" for which he was convicted.   R.C. 2929.12(C)(4); Appellant's Br. 2.   Third, referring to his decision to plead guilty, he contends that the court did not accord sufficient weight to his "acknowledge[ment] and accept[ance] [of] responsibility" or his "demonstrat[ion] [of] sincere remorse."   Appellant's Br. 2-3.   In response, the State argues that Cunningham has not established with clear and convincing evidence that his

change the charge from burglary to attempted burglary, the latter being a third degree felony under R.C. 2911.12(A)(2), 2911.12(D) and 2923.02(E)(1).   *See* Tr. of Plea Hr'g 20, Nov. 7, 2016.

sentence is unsupported by the record or contrary to law.

{¶ 6} A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Even so, the "court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

{¶ 7} According to R.C. 2929.11(A), a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing] the public from future crime by the offender and others." To these ends, the "court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to [any] victim[s] * * *, the public, or both." *Id.* The court should use "the minimum sanctions that [it] determines [likely to] accomplish [the] purposes [of sentencing] without imposing an unnecessary burden on state or local government resources." *Id.* Additionally, R.C. 2929.11(B) states that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 8} R.C. 2929.12(C) mandates that a sentencing court consider a list of four factors, and any others that might be relevant, which "apply [to] the offender, the offense, or the victim, * * *, as indicating that the offender's conduct is less serious than conduct normally constituting the offense" or offenses for which the offender has been convicted.

The four factors listed in the statute are:

1.   The victim [or victims] induced or facilitated the offense [or offenses].

2.   In committing the offense [or offenses], the offender acted under strong provocation.

3.   In committing the offense [or offenses], the offender did not cause or expect to cause physical harm to any person or property.

4.   There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

*Id.* R.C. 2929.12(B) sets forth a complementary list of nine factors "indicating that the offender's conduct is more serious than conduct normally constituting" an offense.

{¶ 9} Under R.C. 2953.08(G), an appellate court may modify or vacate a sentence only if it finds by clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. Davis*, 2d Dist. Champaign No. 2016-CA-22, 2017-Ohio-6904, ¶ 8, citing *Marcum*, 2016-Ohio-1002, ¶ 22. Clear and convincing evidence is a "degree of proof [greater] than a mere 'preponderance of the evidence' " that "produce[s] in the mind of the trier of fact[] a firm belief or conviction as to the facts sought to be established"; evidence that satisfies this standard need not satisfy the higher standard of " 'beyond a reasonable doubt,' " which applies in criminal trials. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954),

paragraph three of the syllabus; *Marcum*, 2016-Ohio-1002, ¶ 22, quoting *Cross*, 161 Ohio St. 469, paragraph three of the syllabus.

**{¶ 10}** Cunningham contends, pursuant to R.C. 2929.12(C)(3) and (4), that the trial court should have lessened his sentence for three reasons. Regarding the first of his contentions, the trial court found, in the language of R.C. 2929.12(C)(3), that Cunningham "did not cause or expect to cause physical harm to any person or property" in committing the offenses for which he was convicted. Tr. of Sentencing Hr'g 22, Nov. 28, 2016. The court, however, discounted the significance of this factor because it determined that "the factors [listed in R.C. 2929.12(B) indicating] that [Cunningham]'s conduct [was] more serious outweigh[ed] [the] factors [listed in R.C. 2929.12(C) indicating that his] conduct [was] less serious." *Id.* Specifically, the court remarked that Cunningham's "relationship with the victim[s] facilitated" his commission of the offenses charged in Count One and Count Three of the indictment, and that Cunningham committed the offense charged in Count One "as part of organized criminal activity."[3] Tr. of Sentencing Hr'g 21; *compare with* R.C. 2929.12(B)(6)-(7). The record, including the presentence investigation report, supports the court's characterization. *See* Tr. of Sentencing Hr'g 7-12.

**{¶ 11}** Regarding the second of Cunningham's contentions, the trial court did not accept the assertion that "his drug consumption * * * substantially cloud[ed] his judgment and alter[ed] his state of mind," thereby mitigating his culpability. *See* Appellant's Br. 2. The court reasoned that had Cunningham "not [been] in his right mind" as the result of his drug abuse, then he would not have "targeted [specific] people," stolen "exactly what

---

[3] *See supra* notes 1 and 2.

[he] wanted to steal," or planned in advance how he would dispose of the stolen property. *See* Tr. of Sentencing Hr'g 11-12. In other words, the court found that Cunningham "knew exactly what [he] was doing" and concluded that the care with which Cunningham plotted his series of criminal acts belied the premise that his drug abuse rendered him less consciously responsible for his behavior. *See id.* at 7-12. The presentence investigation report echoes this sentiment.

{¶ 12} Regarding the third of Cunningham's contentions, the trial court viewed the motivations for his criminal acts as incompatible with genuine remorse, and the presentence investigation report refers to disciplinary problems while in custody at Tri-County Regional Jail; an inclination to minimize the significance of his unlawful behavior; a lack of respect for authority; and poor impulse control. *See id.* at 7-9 and 20-23. The record thus provided ample basis for the court's skepticism, yet it nevertheless imposed an aggregate sentence -- seven years and four months -- that is less than the maximum sentence it could have imposed for Cunningham's burglary conviction standing alone. R.C. 2911.12(A)(2), 2911.12(D) and 2929.14(A)(2). Finally, we note that the court made the findings required under R.C. 2929.14(C)(4)(a) and (c) before ordering that Cunningham serve the sentence for each of his offenses consecutively. Tr. of Sentencing Hr'g 26. For all of the foregoing reasons, Cunningham's assignment of error is overruled.

### III. Conclusion

{¶ 13} We find that the trial court did not fail to comply with R.C. 2929.12(C) in sentencing Cunningham. Therefore, we affirm.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., concurring:

{¶ 14} On appeal, Cunningham challenges the trial court's weighing of the factors related to his individual sentences.

{¶ 15} The trial court's determination of the appropriate sentence for each offense is a separate and distinct analysis from the trial court's determination whether to impose consecutive sentences.  Prior to imposing any sentence, the trial court is required to consider the purposes and principles of felony sentencing in R.C. 2929.11 and the various factors set forth in R.C. 2929.12.  *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38; *State v. Smith*, 2d Dist. Champaign No. 2015-CA-25, 2016-Ohio-3483, ¶ 9.  These considerations must be taken into account when the trial court imposes sentences for each offense, such as when determining whether to impose community control versus a prison sentence or when determining the appropriate prison term for the offense.  *Smith* at ¶ 9.

{¶ 16} After determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts.  *State v. Stapleton*, 2d Dist. Champaign No. 2016 CA 9, 2017-Ohio-1309, ¶ 20.  In imposing consecutive sentences, the trial court must make the statutory findings required by R.C. 2929.14(C)(4) and incorporate them into its sentencing entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.  Cunningham has not challenged on appeal the trial court's findings in support of its decision to impose consecutive sentences.

{¶ 17} In determining Cunningham's sentence for burglary (Count One), the trial

court found, in part, that he "committed the offense for hire or as part of an organized criminal activity. *R.C. 2929.12(B)(7).* * * * to wit: Dylan Matthew Watkins, Case No. 2016 CR 240 [Cunningham's co-defendant]." "Organized" means "arrange[d] or form[ed] into a * * * functioning whole," "arrange[d] by systematic planning and united effort," or "having a formal organization to coordinate and carry out activities." Webster's Ninth New Collegiate Dictionary 831 (1990).

{¶ 18} This court has discussed the phrase "organized criminal activity" for purposes of R.C. 2929.13(B)(1)(b)(ix) in the context of a defendant's conviction for drug trafficking. *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283 (2d Dist.); *State v. Gaus*, 2d Dist. Champaign No. 2015 CA 28, 2016-Ohio-4886, ¶ 24-25. We stated in *Castle*:

> The term "organized criminal activity" (R.C. 2929.13(B)(1)(b)(ix)) is not defined in R.C. Chapter 2929. Ohio courts have applied a case-by-case analysis to determine whether an offense is part of an organized criminal activity, keeping in mind that the absence of a definition of "organized criminal activity" is to be construed against the State, not the defendant. "There is not a bright line test for 'organized criminal activity,' nor does it have a singular application."

> Courts have generally considered the scope and length of the criminal activity, whether the offense was committed spontaneously/ impulsively or with extensive planning, the number of people involved, and the nature of the charges in determining whether there was "an organized criminal activity."

> Several cases also reference the definition of organized criminal

activity set forth in R.C. 177.01(E)(1), but this definition references the offense of "engaging in a pattern of corrupt activity" (which is not at issue in this case), and at least one court has noted that "there is no basis for the application of a definition found in the creation of a legislative commission to the criminal code."

(Citations omitted.) *Castle* at ¶ 14-16.

{¶ 19} In *State v. Stapleton*, 2d Dist. Champaign No. 2016 CA 6, 2016-Ohio-7806, we reviewed the trial court's imposition of a prison sentence for aggravated possession of drugs, a fifth-degree felony. In considering the seriousness factors, the trial court found, in part, that the defendant's conduct was more serious because he had committed the offense as part of organized criminal activity by soliciting one Percocet from his co-defendant and his actions had caused the co-defendant to be charged with a criminal offense. The trial court further found that it had the discretion to impose a prison term for the fifth-degree felony, because the defendant had violated the conditions of his bond and committed the offense as part of organized criminal activity. *See* R.C. 2929.13(B)(1)(b)(iii) and (ix).

{¶ 20} On review, we commented that it was "questionable whether Stapleton's conduct of soliciting one Percocet from his co-defendant amounts to 'organized criminal activity' as that term is used in R .C. 2929.13(B)(1)(b)(ix)." *Id.* at ¶ 11. We nevertheless found the imposition of a prison term was not clearly and convincingly unsupported by the record, because it was clear that Stapleton had violated the conditions of his bond.

{¶ 21} Here, Count One alleges that Cunningham, with co-defendant Dylan Watkins, committed a burglary with the purpose to commit a theft offense. The police

report and the presentence investigation report indicate that they entered an apartment and took items while the residents were asleep. Cunningham claimed that he committed the burglary to support his drug addiction. However, he also told the trial court that he was dealing drugs to the complainants and did not have enough money to pay his dealer, who fronted him the drugs. Cunningham indicated that he stole from the individuals who were supposed to have paid him for the drugs he had supplied.

{¶ 22} There is no indication that Cunningham was directed to commit his offense by others in a drug organization or that the offense involved significant planning; rather, Cunningham's actions appear to have stemmed from his own need to obtain money. The mere fact that Cunningham had an accomplice or co-defendant in the offense is insufficient to find that the offense was committed as part of an organized criminal activity. *Accord State v. Roberson,* 141 Ohio App.3d 626, 633, 752 N.E.2d 984 (6th Dist. 2001) ("The mere fact that [the defendant] may have had an accomplice is insufficient to constitute an 'organized' crime.").

{¶ 23} As in *Stapleton,* I question the trial court's determination that Cunningham committed the burglary offense "as part of an organized criminal activity." Nevertheless, considering the entirety of the record, including Cunningham's age, juvenile and adult criminal history, and his conduct in jail, the imposition of a five-year prison term is not clearly and convincingly unsupported by the record. I concur that there is no reversible error with the trial court's five-year sentence for burglary.

. . . . . . . . . . . . .

Copies mailed to:

Jane A. Napier
Jennifer D. Brumby
Hon. Nick A. Selvaggio