[Cite as *State v. Murrell*, 2018-Ohio-870.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27610 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-1105 |
| | : | |
| DASEAN MURRELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Dasean Murrell, appeals from his conviction on one count of domestic violence, a fourth degree felony under R.C. 2919.25(A) and (D)(3). In a single assignment of error, Murrell argues that the trial court erred by sentencing him to a term of imprisonment greater than the statutory minimum, instead of imposing community control sanctions or the minimum statutory term of imprisonment. We find that the trial court did not err, and therefore, we affirm.

## I. Facts and Procedural History

{¶ 2} On April 19, 2017, a Montgomery County grand jury issued an indictment charging Murrell with one count of domestic violence in violation of R.C. 2919.25(A). Murrell stood mute at his arraignment, but at his final pre-trial on May 16, 2017, he pleaded guilty. On May 30, 2017, the court sentenced him to twelve months imprisonment. Murrell timely filed his notice of appeal to this court on June 2, 2017.

## II. Analysis

{¶ 3} Murrell's assignment of error is the following:

THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE

ON APPELLANT[.]

{¶ 4} In support of this proposition, Murrell argues that the trial court disregarded his remorse for his behavior, and improperly considered his juvenile adjudications, for purposes of determining the nature and extent of his sentence. Appellant's Br. 3-4. He also argues that the trial court failed to comply with R.C. 2929.11 and 2929.12.

{¶ 5} R.C. 2953.08(G) establishes that an appellate court may modify or vacate a sentence only if it finds by clear and convincing evidence that the record does not support

the sentence or that the sentence is otherwise contrary to law. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. Davis*, 2d Dist. Champaign No. 2016-CA-22, 2017-Ohio-6904, ¶ 8, citing *Marcum*, 2016-Ohio-1002, ¶ 22. Clear and convincing evidence is a "degree of proof [greater] than a mere 'preponderance of the evidence' " that "produce[s] in the mind of the trier of fact[] a firm belief or conviction as to the facts sought to be established"; evidence that satisfies this standard need not satisfy the higher standard of " 'beyond a reasonable doubt,' " which applies in criminal trials. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *Marcum*, 2016-Ohio-1002, ¶ 22, quoting *Cross*, 161 Ohio St. 469, paragraph three of the syllabus.

{¶ 6} Under R.C. 2929.11(A), a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing] the public from future crime by the offender and others," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or local government resources." Accordingly, the "court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* R.C. 2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders." Pursuant to R.C. 2929.12(A), in "exercising [its] discretion" to determine "the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.]

2929.11," a court must consider, among other things, a list of nine factors "indicating that [an] offender's conduct [was] more serious than conduct normally constituting" the offense for which the offender was convicted; a list of four factors "indicating that the offender's conduct [was] less serious than conduct normally constituting the offense"; a list of five factors "indicating that the offender is likely to commit future crimes"; and a list of five factors "indicating that the offender is not likely to commit future crimes." *See also* R.C. 2929.12(B)-(E).

{¶ 7} Murrell contends that the trial court disregarded his expression of remorse. Appellant's Br. 3-4; *see also* R.C. 2929.12(E)(5). At his sentencing hearing, Murrell offered an apology for his conduct when the court invited him to make a statement on his own behalf before being sentenced. Tr. of Proceedings 14:2-14:14. The court then noted that it had "reviewed [Murrell's] presentence investigation," which detailed "a very substantial juvenile record [including] violent offenses" and "a prior domestic violence" conviction as an adult, and it found on this basis that Murrell took "no responsibility for [his] actions." *See id.*, at 14:22-15:14.

{¶ 8} Though Murrell's appellate counsel protests that the trial court's "finding * * * is very difficult to understand" in light of Murrell's apology, the finding becomes substantially less difficult to understand after an examination of the presentence investigation report. Appellant's Br. 3. Murrell's juvenile history and previous adult conviction portend the likelihood of recidivism, and the investigator who compiled the report observed that Murrell sought to minimize his responsibility for his behavior. In other words, the record provides no clear and convincing evidence gainsaying the trial court's assessment of the credibility of Murrell's apology.

{¶ 9} Next, Murrell argues, or at least implies, that the trial court improperly considered his juvenile adjudications in deciding what sentence to impose. Appellant's Br. 4. In this regard, Murrell complains that the court did not specify the juvenile offenses for which he was adjudicated, indicate why it found the adjudications to be significant for sentencing purposes, or acknowledge that the adjudications "were not criminal convictions" as a matter of law. *Id.*

{¶ 10} The trial court did, however, indicate that it considered Murrell's juvenile adjudications to be significant because they suggested a pattern of unwillingness on his part to take responsibility for his own actions. *See* Tr. of Proceedings 14:22-14:25 and 15:11-15:14. Moreover, because the court did not consider Murrell's juvenile adjudications for purposes of sentence enhancement, or as elements of criminal offenses, its evaluation of the adjudications in connection with the prospect of recidivism was not improper. *See, e.g., State v. Herron*, 2d Dist. Montgomery No. 27378, 2017-Ohio-8908, ¶ 5-7.

{¶ 11} Finally, Murrell criticizes the trial court for not making a record of its "consider[ation] [of] the purposes and principles of sentencing and the seriousness and recidivism factors." Appellant's Br. 4; *see also* R.C. 2929.12(B)-(C); Tr. of Proceedings 15:15-15:21. Yet, a "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). The trial court in this case imposed a prison sentence within the range authorized under R.C. 2929.14(A)(4), and although it had no obligation to make any findings or give its reasons for imposing more than the minimum

possible sentence, the court did, in fact, briefly summarize its reasoning. Tr. of Proceedings 14:22-15:21.

### III. Conclusion

**{¶ 12}** We find that Murrell's arguments lack merit. Therefore, Murrell's assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Jay A. Adams
Hon. Mary Katherine Huffman