[Cite as *State v. Hottenstein*, 2019-Ohio-3690.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2017-CA-89 & |
| | : | 2017-CA-90 |
| v. | : | |
| | : | Trial Court Case Nos. 2017-CR-112 & |
| QURAN HOTTENSTEIN | : | 2017-CR-263 |
| | : | |
| Defendant-Appellant | : | |
| | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of September, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Quran Hottenstein appeals from his conviction and sentence following a negotiated guilty plea to felony charges of unlawful sexual conduct with a minor and failure to appear.

{¶ 2} In his sole assignment of error, Hottenstein challenges the trial court's sentencing decision. His assignment of error states that "the trial court erred in not complying with the seriousness of the crime and recidivism factors." More specifically, he argues that the trial court abused its discretion in finding that his crime was serious and that he was likely to repeat his behavior.

{¶ 3} The record reflects that Hottenstein originally faced felony charges in four separate cases. In Clark C.P. No. 17-CR-0087A, he was charged with one count of aggravated burglary, a first-degree felony. In Clark C.P. No. 17-CR-0112, he was charged with one count of unlawful sexual conduct with a minor, a fourth-degree felony. In Clark C.P. No. 17-CR-0263, he was charged with one count of failure to appear, a fourth-degree felony, in connection with the aggravated-burglary case. Finally, in Clark C.P. No. 17-CR-0291, he was charged with one count of failure to appear, a fourth-degree felony, in connection with the unlawful-sexual-conduct case.

{¶ 4} As part of a plea agreement, Hottenstein pled guilty to unlawful sexual conduct with a minor in Clark C.P. No. 17-CR-0112. He also pled guilty to failure to appear in connection with the aggravated-burglary case in Clark C.P. No. 17-CR-0263. In exchange for the pleas, the State dismissed the aggravated-burglary case and the other failure-to-appear case. The trial court accepted the pleas and ordered a presentence investigation report (PSI). After reviewing the report and holding a sentencing hearing,

the trial court imposed consecutive prison terms of 18 months for unlawful sexual conduct with a minor and 12 months for failure to appear. At sentencing, the trial court made the following findings in support of consecutive sentences: "The Court finds that consecutive sentences are necessary to protect the public from future crime and punish the defendant but not disproportionate to the seriousness of his conduct and the danger he poses to the public and that the failure to appear was committed while the Defendant was awaiting trial." (Sentencing Tr. at 7). The trial court incorporated this finding into its judgment entry. (Doc. # 9 in Clark C.P. No. 17-CR-263).

{¶ 5} On appeal, Hottenstein does not specifically address the trial court's findings for consecutive sentences under R.C. 2929.14(C)(4). Instead, he focuses on the statutory seriousness and recidivism factors in R.C. 2929.12. He argues that none of the "more serious" factors in R.C. 2929.12(B) apply, that three "less serious" factors in R.C. 2929.12(C) apply, and that two factors apply under R.C. 2929.12(E) showing that recidivism is "less likely." Hottenstein also asserts that the purposes of felony sentencing in R.C. 2929.11, particularly the need to protect the public from future crime, are not implicated here because, with respect to the unlawful-sexual-conduct conviction, "this is a case of two people who most likely committed a consensual act." For the foregoing reasons, Hottenstein contends that the trial court abused its discretion in imposing consecutive sentences totaling two and one-half years. (Appellant's brief at 5-8).

{¶ 6} Upon review, we find Hottenstein's argument to be unpersuasive. As a preliminary matter, the issue before us is not whether the trial court abused its discretion in imposing an aggregate sentence of two and one-half years. Hottenstein cites *State v. Murrell*, 2d Dist. Montgomery No. 27610, 2018-Ohio-870, for the proposition that abuse-

of-discretion review applies. In the cited portion of *Murrell*, this court recognized a trial court's "full discretion" to impose any sentence within the authorized statutory range without giving reasons or making findings for maximum or more-than-minimum sentences. *Id.* at ¶ 11. This does not mean, however, that we review a trial court's sentencing decision for an abuse of discretion. Indeed, we "do not review a felony sentence under an abuse of discretion standard. Instead, based upon the language of R.C. 2953.08(G)(2), we may vacate or modify a felony sentence if we find by clear and convincing evidence that the record does not support the sentence or the sentence is otherwise contrary to law." *State v. Damiano*, 2d Dist. Champaign No. 2017-CA-31, 2018-Ohio-4761, ¶ 9 (citing cases).

{¶ 7} Here Hottenstein's individual sentences are not contrary to law because they are within the authorized statutory range, and the trial court indicated in its judgment entry that it had considered the principles and purposes of sentencing as well as the seriousness and recidivism factors.[1] *Id.* at ¶ 11. The trial court's imposition of consecutive sentences also is not contrary to law because it made the requisite findings. *State v. Brady*, 2d Dist. Montgomery No. 27763, 2019-Ohio-46, ¶ 50. The only remaining question is whether clear and convincing evidence exists to demonstrate that the record does not support Hottenstein's sentence. This standard applies to his individual sentences and to the trial court's consecutive-sentence findings. *State v. Marcum*, 146 Ohio St.3d 516,

---

[1] Although the trial court did not reference those factors during the sentencing hearing, " '[o]n a silent record, a trial court is presumed to have considered the statutory purposes and principles of sentencing, and the statutory seriousness and recidivism factors.' " *State v. Lumford*, 2d Dist. Clark Nos. 2017-CA-71, 2017-CA-72, 2018-Ohio-1949, ¶ 7, quoting *State v. Goldblum*, 2d Dist. Montgomery No. 25851, 2014-Ohio-5068, ¶ 50.

2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23.

{¶ 8} The PSI report reflects that Hottenstein was 19 years old at the time of his current offenses. His juvenile record included adjudications for unruliness, disorderly conduct, resisting arrest, escape, domestic violence (which appears to have been amended to disorderly conduct), another resisting arrest, and a probation violation. His juvenile record included commitments to juvenile detention. As an adult, he had prior convictions for theft and falsification that resulted in jail time. With regard to the present case, the 15-year-old victim of the unlawful-sexual-conduct offense alleged that Hottenstein had refused to leave her house when she ordered him out. According to the victim, he then threw down her cell phone and forcibly raped her. He then ran out the back door and later was apprehended. For his part, Hottenstein claimed that the victim invited him to her house, where she removed her own clothes and had sex with him. He denied holding the victim down or throwing her phone. He theorized that she made up the rape allegation to avoid getting into trouble with her aunt and grandmother. The State pursued an unlawful-sexual-conduct charge rather than a rape charge. We note too that as part of the plea agreement the State dismissed a second failure-to-appear charge and a first-degree-felony aggravated-burglary charge in another case.

{¶ 9} Hottenstein, who was 20 years old at the time of sentencing, reported that he was unemployed and that he had abused alcohol and marijuana. He had an 11th-grade education and scored high on the Ohio risk-assessment tool. The high score primarily was attributable to his education, employment, neighborhood, and substance abuse. Finally, the PSI report included a victim-impact statement from the victim's grandmother/guardian on behalf of the victim. According to the statement, the victim went

from being an A-B student before the incident to a D-F student afterward. The victim does not like to venture outside or go places because she fears running into Hottenstein's family and friends. According to the grandmother, the victim no longer is the "happy-go-lucky and smiley girl she used to be."

{¶ 10} As set forth above, Hottenstein contends none of the "more serious" factors in R.C. 2929.12(B) apply to him. The trial court could have concluded, however, that those factors did apply. The victim-impact statement reasonably supports an inference that the 15-year-old victim suffered mental injury. It also suggests that she may have suffered serious psychological harm as a result of the offense. These findings are supported by the dramatic drop-off in the victim's academic performance, her negatively changed personality, and her reluctance to leave the house for fear that she might encounter Hottenstein's family and friends. Even if we accept that the victim voluntarily engaged in sex with Hottenstein, the unlawful-sexual-conduct statute protects immature victims from suffering mental or psychological harm after engaging in sexual conduct with older partners.

{¶ 11} As for Hottenstein's argument that three "less serious" factors apply, we recognize that, under his version of events, the victim may have "facilitated" the offense if she removed her own clothes and approached Hottenstein for sex. But the trial court was not required to believe his version of the event. Additionally, we are unpersuaded that he did not cause or expect to cause physical harm to the victim thereby making Hottenstein's offense less serious than conduct normally constituting unlawful sexual conduct with a minor. Although this offense may typically involve consensual activity, which may not cause physical harm, this argument also is predicated on believing his

version of events rather than the victim's. Finally, we are unpersuaded that the slightly more than four-year age difference between Hottenstein and the victim necessarily mitigated the seriousness of his offense.

{¶ 12} Regarding the likelihood of recidivism, Hottenstein contends two factors show recidivism is unlikely: (1) the offense was committed under circumstances not likely to recur and (2) he showed genuine remorse. The trial court was not required to find either of these factors applicable. It is not apparent on this record whether an unlawful-sexual-conduct offense is unlikely to recur or not. As for genuine remorse, the trial court reasonably could have doubted that claim in light of Hottenstein's failure to appear for court proceedings in the unlawful-sexual-conduct case and the aggravated-burglary case. In addition, the record contains evidence indicating the presence of facts making recidivism more likely. Hottenstein had a history of juvenile adjudications and had served time in juvenile commitment. He also had served jail time as an adult for theft and falsification convictions in April 2016. In light of Hottenstein's repeated run-ins with the law, the trial court reasonably could have concluded that he previously had not been rehabilitated satisfactorily or had not responded favorably to prior sanctions. In short, reviewing the record in the context of the statutory seriousness and recidivism factors fails to persuade us that the trial court's prison sentence clearly and convincingly is unsupported by the record.

{¶ 13} Although Hottenstein does not specifically address the trial court's consecutive-sentence findings, we also conclude that the record does not clearly and convincingly fail to support them. Based on the information in the PSI report and all of the considerations addressed above, we are unable to find clear and convincing evidence in

the record controverting the trial court's R.C. 2929.14(C)(4) findings that consecutive sentences were necessary and not disproportionate to the seriousness of his conduct and the danger he poses to the public, and that his failure-to-appear was committed while he was awaiting trial on other charges.

{¶ 14} Hottenstein's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Andrew P. Pickering
Glenda A. Smith
Hon. Douglas M. Rastatter